**In re Robert C. ASHTON, Debtor.**

**Bankruptcy No. 2–87–01619.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

July 21, 1988.

See also, Bkrtcy., 85 B.R. 766.

Robert H. Farber, Jr., Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER DENYING APPLICATION FOR ATTORNEY FEES

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an Application for Compensation for Extraordinary Services Rendered Over and Above Standard Fee Provided filed on June 9, 1988 by Robert H. Farber, Jr., attorney for Chapter 13 debtor Robert C. Ashton.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The debtor's attorney seeks additional attorney fees for services he performed in connection with contested confirmation and amendments to the Chapter 13 plan. For such services, the attorney seeks $270 in compensation.

Attorney fee allowances in Chapter 13 cases are governed by Local Bankruptcy Rule C–3.18.13. That rule specifically provides that attorneys are granted the right to charge a set fee, up to a maximum of $650, for services in a Chapter 13 case through the date of confirmation. That fee is allowed by the Court without specific application or documentation by time records. The amount selected is intended to reasonably compensate an attorney for

services in an average Chapter 13 case. It assumes, for attorneys doing a number of cases, that the maximum of $650 sometimes may result in an hourly rate slightly in excess of the attorney's normal rate. In other cases, the set fee may actually be less than what the attorney would normally charge based upon the hours spent and the normal hourly rate.

If an attorney wishes to request a fee in excess of $650 for services through the time of confirmation, however, a specific application must be filed. That application must include detailed time records describing each service performed and the time spent on each such service as required by Local Bankruptcy Rule 4.4. Unless all services are documented and exceed $650 in value, it is not contemplated that unusual pre-confirmation services will be separately compensated. If services with a reasonable value in excess of $650 have been performed and are documented, the Court may award the attorney a fee in excess of $650. Without such documentation, however, the Court will not allow additional attorney fees for services from the initial engagement through the date of confirmation of the Chapter 13 plan.

Based upon the foregoing, the Court finds that the debtor's attorney has failed to document any services in this case except the unusual one for which specific compensation is requested. Accordingly, the application for attorney fees is denied to the extent it seeks compensation in excess of $650 for pre-confirmation services. Such denial is without prejudice to the filing of a subsequent application consistent with the terms of this Order.

IT IS SO ORDERED.